UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF
AMERICA,

v.                                    CASE NO.    8:06-CR-279-T-17TBM

JORGE ENRIQUE VALENCIA-
VERGARA.

_____/

ORDER

This cause is before the Court on:

Dkt. 70 Motion to Dismiss Indictment
Dkt. 76 Response
Dkt. 80 Report and Recommendation
Dkt. 114 Objection
Dkt. 125 Transcript
Dkt. 155 Objections
Dkt. 156 Motion for Hearing

Dkt. 70 Motion to Dismiss Indictment

Defendant Valencia-Vergara moves for dismissal of the
indictment due to outrageous government conduct.  The United
States opposes the Motion.  The assigned Magistrate Judge
conducted an evidentiary hearing, and issued a Report and
Recommendation recommending the denial of Defendant's Motion.

The Court has independently examined the record, and has
considered the objections to the Report and Recommendation.
Defendant does not object to the factual findings, but does
object to the conclusion that Defendant's Motion should be
denied.  Defendant contends that additional evidence has been
brought to light in the evidentiary hearing on the motion filed
by co-Defendant Henry Lerma.

Case No. 8:06-CR-279-T-17TBM

Defendant specifically objects to the conclusion of Magistrate Judge McCoun that this case "does not involve the type of outrageous governmental misconduct theorized in Russell, and does not call for dismissal under the Sixth Amendment." Defendant argues that this case involves a long investigation resulting in a large string of arrests and prosecutions, and the conduct of the SA Faria in creating a conflict between Defendant and his counsel is unconscionable.

The Court has considered the totality of the circumstances in reviewing the facts of this case. The Court finds that the actions of SA Faria and the other governmental agents involved were reprehensible. To expect this Court to believe Agent Faria's testimony that his continuing contacts with Defendant were done out of sympathy for Defendant's plight is insulting. The Court is well aware that the conduct of governmental agents in this case undermined the attorney-client relationship. However, the Court recognizes that the conflict between Defendant and his counsel has now been resolved. Defendant abandoned his request for new counsel. The remedy for the acquisition of evidence in violation of a defendant's constitutional rights is suppression rather than dismissal of the indictment. Since the Government agrees not to use any such evidence in its case-in-chief, suppression is not necessary.

After consideration, the Court overrules Defendant's objections, and adopts the Report and Recommendation, which is incorporated herein by reference. Accordingly, it is

2

Case No. 8:06-CR-279-T-17TBM

ORDERED that Defendant's objections are **overruled**, the Report and Recommendation is **adopted**, and the Motion to Dismiss Indictment is **denied**.

Dkt. 156 Motion to Schedule Evidentiary Hearing

Defendant moves for an additional evidentiary hearing before the undersigned because additional evidence was brought out before the Magistrate Judge which requires further examination in the form of witness testimony of a co-Defendant, Henry Lerma, and other federal agents, Lincoln Benedicto, Gregory Brenza, and Nick Turzu, who participated in the events described in the Report and Recommendation. The Court notes that the transcript of that proceeding has been filed, and its contents have not altered the Court's conclusion as to Defendant.

Defendant does not object to the factual findings of the Report and Recommendation, but does object to the legal conclusion, and argues that an evidentiary hearing will clarify the prejudice to Defendant's right to a fair trial.

The existence of outrageous governmental conduct is to be determined by the totality of the circumstances, with no single factor controlling. The defense of outrageous governmental conduct can only be invoked in the "rarest and most outrageous circumstances." See U.S. v. Haimowitz, 725 F.2d 1561 (11th Cir. 2984)(quoting U.S. v. Tobias, 662 F2d 381, 387 (5th Cir. 1981), cert. denied, 457 U.S. 1108 (1982)). In issuing the Report and Recommendation, Magistrate Judge McCoun was aware of the involvement of additional agents in the events which triggered Defendant's Motion to Dismiss. At the commencement of the

3

Case No. 8:06-CR-279-T-17TBM

evidentiary hearing, Magistrate Judge McCoun determined that
Defendant and his appointed counsel had resolved any conflict
between them, and Defendant Valencia-Vergara did not want another
attorney to be appointed to represent him.  The Government has
agreed that any statement by Defendant, if it exists, will not be
used against Defendant.  Defendant has not explained how
Defendant has suffered any prejudice due to the conduct of agents
of the Government, whatever that conduct may have been.  Unless
Defendant identifies some additional prejudice of which the Court
is not aware at present, the taking of additional evidence would
merely be cumulative.

In Amlong & Amlong v. Denny's, Inc., 457 F.3d 1180, 1195
(11th Cir. 2006), the Eleventh Circuit Court of Appeals states:

> When a district court refers a matter to a
> magistrate judge to conduct an evidentiary
> hearing and make findings of fact, the
> district court is required to make a 'de novo
> determination'. (citation omitted).  In
> making its determination, the district court
> is generally free to employ the magistrate
> judge's findings to the extent it sees
> fit-the court may adopt the magistrate
> judge's findings in whole, in part, or not at
> all.  Thus, in United States v. Raddatz, 447
> U.S. 667 (1979), the Supreme Court made clear
> that Sec. 636(b)(1) permits the district
> court to adopt the credibility findings made
> by a magistrate judge without conducting a
> new hearing before making a final
> determination.  However, in a footnote, the
> Supreme Court remarked that there may be one
> exception to this rule.  The statute may not
> permit a district court to reject a
> magistrate judge's findings regarding the
> credibility of a testifying witness without
> holding a new hearing where it could observe
> the demeanor of the witnesses.

4

Case No. 8:06-CR-279-T-17TBM

Title 28 U.S.C. Sec. 636 (b)(1)C provides that "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

In this case, the Court has considered the Report and Recommendation, and has adopted it. The Court has not modified the findings of Magistrate Judge McCoun, and has accepted the credibility determinations of the Magistrate Judge. Accordingly, it is

ORDERED that the Motion to Schedule Evidentiary Hearing is denied.

DONE and ORDERED in Chambers, in Tampa, Florida on this 19th day of January, 2007.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

5