UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 8:06-CR-279-T-17MAP

JORGE ENRIQUE VALENCIA-
VERGARA.

_____/

ORDER

This cause is before the Court on:

Dkt. 390    Order
Dkt. 395    Motion to Reduce Sentence (Pro Se)

The Court construes Defendant Valencia-Vergara's Motion to be a pro se request for reconsideration of the Court's Order (Dkt. 390) in which the Court denied Defendant Valencia-Vergara's Motions to reduce sentence.

Defendant Jorge Enrique Valencia-Vergara seeks review of his sentence. Defendant Valencia-Vergara was sentenced on May 11, 2007 to 168 months of incarceration on Counts 1 and 2, concurrent, to be followed by 60 months of supervised release. (Dkts. 258, 261).

The Government filed a Notice of Maximum Penalty, elements of the offense, personalization of elements and factual basis on September 9, 2006. (Dkt. 68). This Notice reflects that Counts 1 and 2 of the Indictment are punishable by a mandatory minimum term of imprisonment of 10 years up to life imprisonment, a fine of $4,000,000, a term of supervised release of at least 5 years, and a special assessment of $100.00. Defendant Valencia-Vergara asserts that he was informed that Defendant's maximum sentence would run only ten years. Defendant Valencia-Vergara may have misunderstood the term "mandatory minimum." The Notice entered

Case No. 8:06-CR-279-T-17TBM

by the Government informs Defendant that his term of incarceration for Counts 1 and 2 would extend from, at a minimum, ten years up to life imprisonment.

Before Defendant Valencia-Vergara entered a conditional plea, Defendant Valencia-Vergara moved to dismiss the Indictment due to outrageous government conduct. (Dkt. 70). Defendant's Motion was referred to the assigned Magistrate Judge, who conducted an evidentiary hearing and entered a Report and Recommendation. (Dkt. 80). Defendant Valencia-Vergara objected to the Report and Recommendation; the Court overruled Defendant's objections and adopted the Report and Recommendation. Defendant Valencia-Vergara's Motion to Dismiss was denied. (Dkt. 167).

Defendant Valencia-Vergara asserts that, at sentencing, Defendant Valencia-Vergara was told that the burning of the vessel would affect his sentence. Defendant Valencia-Vergara asserts that other vessels were burned during the same period, and Defendant Valencia-Vergara should have received the same amount of time others received for the same offense.

The Court has reviewed Defendant Valencia-Vergara's PSR. Defendant Valencia Vergara was represented by counsel at every stage of this case. At sentencing, Defendant Valencia-Vergara raised the following objections:

1. Paragraphs 24, 28, 31 and 58 (USSG Secs. 2D1.1(b)(7) and 5C1.2 - Safety Valve);

2. Paragraphs 15, 26, 28, 31 and 58 (USSG Sec. 3B1.2, mitigating role).

At sentencing, the Court overruled Defendant Valencia Vergara's objections. The Court denied Defendant Valencia Vergara's oral motion for downward departure to 120 months. (Dkt. 259).

Case No. 8:06-CR-279-T-17TBM

The Court notes that in August, 2007, Defendant Valencia-Vergara approached the Government (Dkt. S-5); the Government declined Defendant Valencia-Vergara's request, and explained the reason for the denial (Dkt. S-7).

Defendant Valencia Vergara appealed his conviction and sentence. On appeal, Defendant Valencia Vergara asserted that the Court erred in denying Defendant's Motion to Dismiss the Indictment, that the Court erred in denying Defendant Valencia Vergara a mitigating role reduction, and that the Court erred in denying Defendant Valencia Vergara safety valve relief. The Eleventh Circuit Court of Appeals affirmed Defendant's conviction and sentence. (Dkt. 297).

There were eight codefendants in this case. On January 30, 2007, the captain of the vessel, Defendant Micolta, was sentenced to 210 months of incarceration, to be followed by 60 months of supervised release. Unlike Defendant Valencia-Vergara, Defendant Micolta entered into a plea agreement. The record of this case explains the basis for 5K1.1 or Rule 35 relief as to the codefendants of Defendant Valencia-Vergara.

On January 1, 2016, the Court notified Defendant that the Office of the Federal Defender would not be filing a motion for sentence reduction under Amendment 782, and extended the time for Defendant Valencia-Vergara to file a further Motion. (Dkt. 375). On March 17, 2016, the Court denied Defendant Valencia-Vergara's Motions (Dkts. 344, 358, 361, 381), finding that Defendant Valencia-Vergara is not eligible for a reduction in sentence based on the amended guidelines, and adopting the position of the Probation Office that the Amendment does not have the effect of lowering Defendant's sentencing range. (Dkt. 390).

Defendant Valencia-Vergara has not established any basis for the Court to modify Defendant's sentence, based on reconsideration of Defendant's role in the whole circumstances, which was affirmed by the Eleventh Circuit Court of Appeals, or

Case No. 8:06-CR-279-T-17TBM

Defendant Valencia-Vergara's criminal history. Accordingly, it is

**ORDERED** that Defendant Valencia-Vergara's Motion to Reduce Sentence (Dkt. 395) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 5th day of July, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

Jorge Enrique Valencia-Vergara
#48814-018
Big Spring Federal Correctional Institution
BSCE Interstate Unit
1801 W. Interstate 20
Big Spring, TX   79720

James Muench AUSA
Joseph Ruddy, AUSA